IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROMIE GRADY, JR.**                                                                             **PLAINTIFF**

**v.**                                    **NO. 5:19-CV-00145 JM**

**LOUISE WELLS, et al,**                                                  **DEFENDANTS**

## ORDER

Pending is Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 178) and the pro se motion for filing fee (ECF No. 176). Defendant Louise Wells has responded to the motion.

Plaintiff is the prevailing party in this 42 U.S.C. § 1983 case. Pursuant to 42 U.S.C. § 1988, the Court has discretion to award Plaintiffs a reasonable attorneys' fee. Plaintiff requests $9,187.50 for attorneys' fees and $350.00 in costs.

In fee-shifting cases such as this one, the fee award is calculated based upon the "lodestar" determination, the starting point of which is the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)): (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys;


(10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley*, 461 U.S. at 434.

The fee award should be one that is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case" and "adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The lodestar method is presumptively sufficient to achieve this objective. *Id.* "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 552 (emphasis in original). [I]n determining the lodestar, courts "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

**I.     Requested Hourly Rates**

Defendant argues that the $750 hourly rate of Plaintiff's attorney Willard Proctor is unreasonable and inconsistent with the market rate. Mr. Proctor argues that his rate is reasonable considering his education, training, and experience.

After considering the novelty of the legal arguments in this case, the amount of time that was required to litigate the case and the skill, reputation and experience of Mr. Proctor, the Court finds that a reasonable Little Rock market rate for Mr. Proctor is $500 per hour. No doubt Mr. Proctor can command a higher fee in many cases based on his years of experience and his considerable trial ability, but the nature of this case does not support a higher fee.

## II. Number of Hours

Ms. Wells objects to the number of hours Plaintiff's attorney billed for deposition preparation because Ms. Wells did not notice Plaintiff for the deposition and did not participate in it. Ms. Wells objects to paying for Plaintiff's attorney's fees for the bench trial because she did not participate in the bench trial. However, Ms. Wells notified the Court on the morning of the bench trial that she would not attend, and the deposition was important to the case. For these reasons, the Court finds the number of hours billed by Plaintiff's attorney are reasonable.

The Court further notes that Plaintiff's counsel took the case on a contingency basis with the possibility that payment for his fees would never be received. Through no fault of the Plaintiff or his counsel, the litigation has been long and protracted. Counsel presented Plaintiff's case with skill and expertise in not one, but two trials, and he was successful in both with regard to his claims against Ms. Wells.

The Court finds an award of $6,125.00 to be the appropriate lodestar amount. Plaintiff also seeks $350.00 for the filing fee which Ms. Wells does not challenge.

In conclusion, Plaintiffs' Motions for Attorneys' Fees and Costs (ECF No. 176 and 178) are GRANTED IN PART. Plaintiff is awarded $6,125.00 in attorneys' fees and $350.00 in costs and expenses, for a total of $6,475.00.

IT IS SO ORDERED this 27th day of September, 2024.

_____
James M. Moody Jr
United States District Judge